# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE POWELL, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-1037-G ) |
| CRESCENT SERVICES, LLC, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Michelle Powell filed this action in the District Court of Oklahoma County, Oklahoma, alleging employment discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq., the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, § 1350, and *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), as well as a claim for tortious interference with contract. Defendants[1] removed the action to this Court on November 12, 2019, and have now filed a Motion to Dismiss (Doc. No. 7) certain of Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] Plaintiff has responded (Doc. No. 10), Defendants have replied (Doc. No. 12), and the matter is now at issue.

---

[1] Crescent Services, LLC; Rockwater Energy Solutions, Inc.; and Select Energy Services, LLC.

[2] Defendants have additionally filed an Answer (Doc. No. 8), although no pleading is required while their Motion is pending. *See* Fed. R. Civ. P. 12(a)(4)(A).

I.  *Plaintiff's Allegations*

In her Complaint, Plaintiff alleges that she was employed by Defendants from September 5, 2016, through July 24, 2017, as a regional sales manager.  *See* Compl. (Doc. No. 1-1) ¶¶ 9-11.  Plaintiff alleges that although she was qualified to perform her job and performed satisfactorily, she was banned from one of Defendant's office buildings and experienced other "substantial discrimination and sexual harassment" during her employment with Defendants.  *Id.* ¶¶ 12-37.

II.  *Applicable Standards*

Defendants move to dismiss Plaintiff's OADA claim under Rule 12(b)(1) based upon a lack of subject-matter jurisdiction.  "A facial attack on the complaint's allegations regarding subject matter jurisdiction questions the complaint's sufficiency and requires the court to accept the allegations as true."  *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009).

Defendants also seek dismissal of certain of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  *See* Fed. R. Civ. P. 12(b)(6).  In analyzing a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff."  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

III.  *Discussion*

In their Motion, Defendants argue that the Court lacks jurisdiction over Plaintiff's OADA claim due to Plaintiff's tardy filing of a charge of discrimination.  *See* Defs.' Mot.

at 4-5. Defendants also argue that Plaintiff fails to state plausible claims premised upon Title VII hostile work environment, a *Burk* tort, or tortious interference with contract. *See id.* at 5-9.

Regarding the Title VII disparate-treatment and hostile-work-environment claims, Plaintiff responds that she "did not assert any Title VII claims" and "limited her claims to those allowed under Oklahoma state law." Pl.'s Resp. at 7. This is an unreasonable reading of Plaintiff's pleading, and the Court does not accept it. *See, e.g.*, Compl. ¶ 42 ("The allegations set out above constitute a violation of Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act ('OADA') in the form of gender discrimination.").

Plaintiff, however, also seeks leave to file an amended complaint, alleging distinctions between Oklahoma and federal pleading requirements and seeking an opportunity to clarify her claims. Although Defendants object that any amendment would be futile, the Court finds that amendment should be permitted, as a finding of futility would be premature on this record. In addition, Plaintiff's request to amend was filed within 21 days of service of Defendants' Motion (such that Plaintiff could have amended "as a matter of course" without leave of Court), and the Court is required to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(1), (2). Further, Plaintiff's apparent desire to dismiss her Title VII claims has jurisdictional implications for this lawsuit. *See* Notice of Removal (Doc. No. 1) at 1, 2-3 (alleging that this Court has federal-question jurisdiction due to Plaintiff's assertion of Title VII claims).

CONCLUSION

For all these reasons, Plaintiff's request to file an amended complaint is GRANTED. Plaintiff shall file her amended complaint, which shall supersede her original pleading, no later than February 5, 2020. Upon the filing of the amended complaint, Defendants' Motion to Dismiss shall be moot.

The parties' status and scheduling conference, currently set for February 5, 2020, is hereby STRICKEN.

IT IS SO ORDERED this 24th day of January, 2020.

_____
CHARLES B. GOODWIN
United States District Judge